SO ORDERED,

Judge Katharine M. Samson
United States Bankruptcy Judge
Date Signed: March 24, 2026

The Order of the Court is set forth below. The docket reflects the date entered.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:  JERMICA MISHAWN EVERETT                CASE NO. 24-50259-KMS

DEBTOR                                                       CHAPTER 13

### ORDER STRIKING OBJECTION OF NU-WAY AUTO

THIS MATTER came on for hearing on March 19, 2026, on the Order to Show Cause (Dkt. No. 55) directing that Nu-Way Auto appear at the Hearing to show cause why the Objection to Motion to Incur New Debt (Dkt. No. 52) should not be stricken pursuant to 28 U.S.C. § 1654 and Federal Rule of Bankruptcy Procedure 9011 for failure to be signed by an attorney of record. No one appeared at the hearing on behalf of Nu-Way Auto.

A corporation may not represent itself and may be represented only by licensed counsel. *See Rowland v. Cal. Men's Colony,* 506 U.S. 194, 202 (1993); *Memon Corp. v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004); *Sw. Exp. Co., Inc., v. I.C.C.*, 670 F.2d 53, 55 (5th Cir. 1982); *see also* Miss. Bankr. L.R. 9010-1(b)(2)(C). Having considered the matter, the Court finds that the Objection should be stricken.

IT IS, THEREFORE, ORDERED that the Objection to Motion to Incur New Debt filed by Nu-Way Auto is hereby stricken.

*##END OF ORDER##*

Page **1** of **1**